**ROBERT J. ROSATI #112006**
**THORNTON DAVIDSON #166487**
ERISA Law Group
2055 San Joaquin Street
Fresno, California 93721-2717
Telephone:    (559) 256-9800
Facsimile:     (559) 256-9795
e-mail: robert@erisalg.com

Attorneys for Plaintiff, Thomas Kowalski

UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KOWALSKI,<br><br>　　　　Plaintiff,<br>v.<br><br>METLIFE OPTIONS AND CHOICES PLAN;<br>METROPOLITAN LIFE INSURANCE<br>COMPANY,<br><br>　　　　Defendants. | Case No.:  **'11CV1048 BTM WVG**<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff Thomas Kowalski ("Plaintiff") alleges as follows:

**JURISDICTION**

1.   Plaintiff's claim for relief arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. section 1132(a)(1).  Pursuant to 29 U.S.C. section 1331, this court has jurisdiction over this action because this action arises under the laws of the United States of America.  29 U.S.C. section 1132(e)(1) provides for federal district court jurisdiction of this action.

**VENUE**

2.   Venue is proper in the Southern District of California in that Plaintiff is and was a resident of the city of San Diego, in the county of San Diego, and in the state of California, when

Defendant terminated Plaintiff's long-term disability benefits.  Therefore, 29 U.S.C. section 1132(e)(2) provides for venue in this court.

**PARTIES**

3. Plaintiff is, and at all times relevant hereto was, a participant, as that term is defined by 29 U.S.C. section 1000(7), of the MetLife Options and Choices Plan formerly known as "MetLife Options Plus" program, and of relevant constituent Plans, including a plan for long term disability benefits ("The Plan") for long term disability ("LTD") and thereby entitled to receive benefits therefrom.  Plaintiff was a beneficiary because he was an employee of Metropolitan Life Insurance Company, for whom The Plan was established.

4. Defendant, The Plan is an employee welfare benefit plan organized and operating under the provisions of ERISA, 29 U.S.C. section 1001 et seq.

5. Defendant Metropolitan Life Insurance Company ("MetLife") established The Plan, and is obligated to pay all benefits claimed and acted on behalf of The Plan in all matters alleged herein.

**FIRST CLAIM FOR RELIEF**

6. The Plan provides long term disability benefits to eligible employees.

7. Plaintiff became disabled and started receiving LTD benefits from the Plan in 1991, before he reached age 64.

8. At the time Plaintiff became disabled and started receiving LTD benefits from the Plan, the Plan provided in relevant part, that:

    A.    "If you become disabled before you reach age 64, you will be eligible to receive LTD benefits for 18 months or until age 62, whichever is later."

    B.    "Although the Company [Metropolitan Life Insurance Company] expects to continue the MetLife Options Plus Program and the benefit plans indefinitely, it reserves the right to amend or discontinue all or any part of the program or any Plan at any time for any and all employees including active, retired or disabled employees."

9. At a date unknown to Plaintiff, but which was after Plaintiff became totally disabled and began receiving LTD benefits from the Plan in 1991 and before the Plan notified him in November 2010, that his LTD benefits would terminate in January, 2011, MetLife amended the Plan, to provide, as applicable to persons such as Plaintiff who were administrative employees of MetLife, that the maximum duration of disability benefits for a person such as Plaintiff, whose date of disability started at less than age 60, is to age 65.

10. By letter dated November 11, 2010, MetLife notified Plaintiff that his LTD benefits would terminate in January 2011, which he reached age 62.

11. Although MetLife did not notify Plaintiff that he had any right to appeal the decision to terminate his LTD benefits, by letter dated December 6, 2010, Plaintiff requested that MetLife reconsider termination of his LTD benefits and reinstate those benefits.

12. In January, 2011 MetLife notified Plaintiff that it would not reconsider its termination of his LTD benefits or reinstate those benefits to age 65.

13. Plaintiff contends that the plan amendment extending LTD benefits to persons, such as himself, who were administrative employees, applies to his claim for LTD benefit and that therefore he is entitled to LTD benefits from the Plan until he attains the age of 65, as long as he remains disabled under the terms of the Plan, because the Plan permitted MetLife to amend its terms even for disabled employees, such as Plaintiff. Defendant The Plan apparently contends that the amendment granting LTD benefits to disabled employees to age 65 does not and did not apply to Plaintiff.

14. Plaintiff has exhausted all administrative remedies required to be exhausted.

15. Defendant's termination of Plaintiff's long-term disability benefits was arbitrary and capricious, an abuse of discretion, and a violation of the terms of The Plan.

16. An actual controversy has arisen and now exists between Plaintiff and Defendants with respect to whether Plaintiff is entitled to long-term disability benefits.

17. Plaintiff contends, and Defendants dispute, that Plaintiff is entitled to benefits long-term disability because Plaintiff contends, and Defendant The Plan disputes, that Plaintiff is entitled to such benefits until he attains the age 65.

18. Plaintiff desires a judicial determination of his rights and a declaration as to which party's contention is correct, together with a declaration that The Plan is obligated to pay long-term disability benefits, retroactive to the first day his benefits were terminated, until and unless such time that Plaintiff is no longer eligible for such benefits under the terms of the Plan or until Plaintiff attains the age of 65.

19. A judicial determination of these issues is necessary and appropriate at this time under the circumstances described herein in order that the parties may ascertain their respective rights and duties, avoid a multiplicity of actions between the parties and their privities, and promote judicial efficiency.

20. As a proximate result of Defendant's wrongful conduct as alleged herein, Plaintiff was required to obtain the services of counsel to obtain the benefits to which he is entitled under the terms of the Policy. Pursuant to 29 U.S.C. section 1132(g)(1), Plaintiff requests an award of attorney's fees and expenses as compensation for costs and legal fees incurred to pursue Plaintiff's rights.

WHEREFORE, Plaintiff prays judgment as follows:

1. For declaratory judgment against Defendants requiring them to pay long-term disability benefits to Plaintiff for the period to which he is entitled to such benefits, with prejudgment interest on all unpaid benefits, until Plaintiff attains the age of 65 years or until it is determined that Plaintiff is no longer eligible for benefits under the terms of The Plan.

2. Alternatively, if for any reason judgment in favor of Plaintiff is not entered as prayed, for an order remanding the matter to The LTD with instructions to accord Plaintiff a full and fair review of his claim for LTD benefits.

3. For declaratory judgment against Defendant The Plan, also requiring it to reinstate waiver of premium for life insurance benefits until Plaintiff attains the age of 65 years or until it is determined that she is no longer eligible for benefits under The Plan.

4. For attorney's fees pursuant to statute.

5. For costs of suit incurred.

6. For such other and further relief as the Court deems just and proper.

Dated: May 10, 2011

        s/Robert J. Rosati
        ROBERT J. ROSATI
        Attorney for Plaintiff,
        THOMAS KOWALSKI